**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
|  | Chapter 11 |
| In re |  |
| PETER J. GOULD, d/b/a Cherry Hill Development Co., | Case No. 03-51180 |
| Debtor. |  |

_____

|  |  |
|---|---|
| PROLOGIS SIX RIVERS LIMITED PARTNERSHIP, as successor-in-interest to KEYSTONE NJP IV LLC, |  |
| Movant / Respondent, |  |
| v. |  |
| PETER J. GOULD, d/b/a Cherry Hill Development Co., |  |
| Respondent / Movant. |  |

_____

Appearances:

| | |
|---|---|
| Michael J. Reynolds, Esq.<br>Drinker, Biddle & Reath, L.L.P.<br>500 Campus Dr.<br>Florham Park, NJ 07932 | Attorneys for the Movant / Respondent |
| Matthew K. Beatman, Esq.<br>Lawrence S. Grossman, Esq.<br>Zeisler & Zeisler, P.C. |  |

1

| | |
|---|---|
| 558 Clinton Ave. | : |
| Bridgeport, CT 06605 | : |
| | : |
| Thomas J. Romans, Esq. | : Attorneys for the Debtor / |
| 27 Warren St. | : Respondent / Movant |
| Hackensack, NJ 07601 | : |
| | : |
| Peter J. Ressler, Esq. | : |
| Groob, Ressler & Mulqueen, P.C. | : |
| 123 York St., Suite B | : |
| New Haven, CT 06511 | : |

_____

## MEMORANDUM AND ORDER ON DEBTOR'S

## MOTION FOR A STAY PENDING APPEAL AND

## PROLOGIS'S MOTION TO COMPEL COMPLIANCE WITH ORDER

Alan H.W. Shiff, United States Bankruptcy Judge

Prologis Six Rivers Limited Partnership has filed a motion to compel compliance with a February 28, 2007 order. The debtor, Peter J. Gould, d/b/a/ Cherry Hill Development Co., moves for a stay pending appeal of that order.

### BACKGROUND [1]

On July 26, 2006, the court conducted a trial on Prologis's March 06, 2006 motion

---

[1] For additional background, see *In re Peter J. Gould, d/b/a Cherry Hill Development Co. (In re Gould)*, 2007 Bankr. LEXIS 721 (Bankr. D. Conn 2007); *Gould v S.S. Silberblatt, Inc. (In re Gould)*, 339 B.R. 293 (Bankr. D. Conn. 2006); *Gould v. Berger (In re Gould)*, 337 B.R. 750 (Bankr. D. Conn. 2006); *Gould v. Oakland Associates (In re Gould)*, 2005 Bankr. LEXIS 941, 44 Bankr. Ct. Dec. (LRP) 226 (Bankr. D. Conn. May 26, 2005).

for attorneys' fees and costs incurred defending its rights under a lease in both this case and the adversary proceeding, *Gould v. Berger, supra*, 337 B.R. 750. *See In re Gould, supra*, 2007 Bankr. LEXIS 721 at *5-8. On November 07, 2006, the debtor filed a motion to approve a proposed compromise of litigation involving an adversary proceeding between the debtor and the defendants, S.S. Silberblatt, Inc. and Marigon Corp. (AP 04-05046), *In re Gould*, *supra*, 339 B.R. 293. *See* FED. R. BANKR. P. 9019. On December 01, 2006, Prologis filed a limited objection to that compromise, pending a ruling on its March 06, 2006 motion for attorneys' fees and costs. On December 07, 2006, the court approved the compromise, but conditioned the approval upon an order directing the debtor's attorney, Peter Ressler, to hold the $145,000 settlement proceeds in escrow pending further order of the court.

On February 28, 2007, the court issued a Memorandum and Order on Prologis's motion, granting attorneys' fees and costs in the aggregate amount of $178,035.80 ("Prologis Order"). On March 08, 2007, the debtor filed a notice of appeal of the Prologis Order, *without seeking a stay, see* FED. R. BANKR. P. 8005, which is pending.

On April 25, 2007, Prologis filed the instant motion, *see* Doc. Id. No. 312, requesting the court to order attorney Ressler to deliver the escrow funds to it and pay the balance due under the Prologis Order. On April 27, 2007, the debtor filed the instant motion for a release of escrow funds and a stay pending appeal.

### DISCUSSION

***Debtor's motion for stay pending appeal.***

Bankruptcy Rule 8005 provides a procedure by which "a party may seek a general stay of a bankruptcy court's order pending appeal so that the estate and the status quo may be preserved pending resolution of the appeal". *In re Chateaugay Corp.*, 988 F.2d

322, 326 (2d Cir. 1993). Under that rule, "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance". FED. R. BANKR. P. 8005.

There is a four part test in this circuit to determine whether to grant a motion for a stay pending an appeal under rule 8005: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a 'substantial possibility although less than a likelihood of success' on appeal, and (4) the public interest may be affected." *Country Squire Assocs. of Carle Place L.P. v. Rochester Community Savings Bank (In re Country Squire Assocs.)*, 203 B.R. 182, 183 (BAP 2d Cir. 1996) (quoting *Hirschfeld v. Boards of Elections*, 984 F.2d 35, 39 (2d Cir. 1993)). The same standard is applied to determine whether to grant a stay pending the appeal of bankruptcy and a district court. *Turner v. Citizens Nat'l Bank*, 207 B.R. 373, 375-376 (BAP 2d Cir. 1997) (applying *Hirschfeld, supra*, 984 F.2d at 39) (citing *Country Squire Assocs., supra*, 203 B.R. at 183). All four criteria must be satisfied in favor of the movant for a stay to be issued, thus "[f]ailure to satisfy one prong . . . will doom the motion". *Turner v. Citizens Nat'l Bank, supra*, at 375 (quoting *In re Bijan-Sara Corp.*, 203 B.R. 358, 360 (BAP 2d Cir. 1996); citing *Green Point Bank. v. Treston,* 188 B.R. 9, 12 (S.D.N.Y. 1995); *In re Charles & Lillian Brown's Hotel, Inc.*, 93 B.R. 49, 53 (Bankr. S.D.N.Y 1988))*; Accord. Daly v. St. Germain (In re Norwick Historic Press Preservation Trust, L.L.C.),* 2005 U.S. Dist. LEXIS 7171 at *8 (D. Conn. 2005).

*Application of Four-Part Test*

The alleged irreparable injury is that "the debtor . . . needs the use of the settlement proceeds in its reorganization". *See* Motion to Stay, at 2. But, according to the November 8, 2004 Corrected Amended Disclosure Statement, the debtor's assets are valued at over

$30.5 million and claims against the estate total no more than $9.4 million. Doc. Id. No. 183. Moreover, Prologis's unchallenged argument states that the debtor's confirmed Plan has been substantially consummated, in that all of the claims against the estate, except for the Prologis fee award, have been paid in full. Prologis also argues that debtor's affidavit in support of his motion for a stay asserts that he needs the funds "so that I could continue with restoring Copack International to full operation". ¶ 3. Copack International is a debtor in another case pending in this court, *In re Copack International*, Case No. 04-51194. Copack is not administratively or substantively consolidated with this case.

The debtor also claims that he will be irreparably harmed if the motion for a stay is denied because allowing Prologis to receive the $145,000 "would essentially render the appeal moot". *See* Brief in Support of Motion to Stay, at 3. By that logic, every motion for a stay pending appeal would have to be granted.

An appeal is deemed moot when events occur during the pendency of the appeal that would prevent the appellate court from fashioning effective relief or it otherwise would be "inequitable for the appellate court to reach the merits of the appeal". *In re Chateaugay Corp.*, *supra*, 988 F.2d at 325. As the appeal here could result in an order for Prologis to return any funds received by the debtor, that argument is unavailing.

Accordingly, the debtor has not satisfied the irreparable harm prong of the *Hirschfeld* test. Since, as noted, *supra* at 4, the debtor must satisfy each of the four elements of the that test, no further analysis is necessary. Nonetheless, the court will consider the other elements.

Regarding the second prong, the debtor contends that Prologis will not suffer substantial injury if a stay is ordered. However, at the June 05, 2007 hearing on these motions, Prologis argued that it will suffer such harm if the escrowed funds are released to the debtor who intends to use them for the benefit of another entity. The debtor did not

respond to that argument.

Under the third prong, the debtor must show that there is a "substantial possibility although less than a likelihood of success on appeal". *See Country Squire Assocs.*, *supra*, 203 B.R. at 183. The debtor claims that he is likely to be successful on appeal because the court "committed reversible error by, among other things, awarding substantial legal fees partly in retribution for the debtor's pursuit of litigation in this case . . . and made an award without there being a legal basis for same, namely there was neither a contractual nor statutory basis upon which to make such an award". Brief in Support of Motion to Stay, at 2. It is unlikely, however, that either of these claims will afford the debtor *any* likelihood of success, as they are utterly without support in the record of the case and are otherwise inaccurate. *See, e.g., In re Gould*, *supra*, 2007 Bankr. LEXIS 721 at *2, 6-7; *see also Gould v. Berger*, *supra*, 337 B.R. at 752, 754-55.

Under the fourth prong, the debtor must show that the public interest may be affected if the motion for a stay is not granted. *See Country Squire Assocs.*, *supra*, 203 B.R. at 183. Here the debtor argues the converse of that test, i.e., the failure to grant a stay would not serve the public interest "in protecting a bankrupt's right of appeal". Brief in Support of Motion to Stay, at 3. As noted *supra* at 5, by that logic, all motions for a stay pending appeal would have to be granted to preserve a public interest in protecting appeal rights. That aside, the debtor has not shown how denial of his motion for a stay would jeopardize any appeal rights.

Prologis, on the other hand, contends that granting the debtor's motion to stay would harm the public interest because "the public interest is damaged when a bankruptcy court must devote precious time handling matters that lack any merit brought by a bad faith debtor". *See* Objection to Stay Motion, at ¶ 39.

***Escrow Funds***

Having concluded that a stay will not be granted, it follows that the Prologis Order should be obeyed. *See C.H. Sanders Co. v. BHAP Housing Dev. Fund. Co.,* 750 F.Supp. 67, 71-76 (E.D.N.Y. 1990) (directing the defendant to pay the full amount of a judgment after it failed in its attempt to obtain a stay).

## CONCLUSION

For the foregoing reasons, the motion to stay is denied, and IT IS SO ORDERED; and, as a consequence,

IT IS FURTHER ORDERED that Attorney Ressler shall release and deliver to Prologis the $145,000 escrow funds within 10 days of entry of this order; and

IT IS FURTHER ORDERED that the debtor shall pay to Prologis the $33,035.80 balance due under the Prologis Order within 10 days of the entry of this order.

Dated at Bridgeport, Connecticut, this 20th day of June, 2007.

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge